## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No.: 20-10553 (CSS) |
| ALFRED T. GIULIANO, Chapter 7 Trustee of Art Van Furniture, LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>HACKNEY HOME FURNISHINGS, INC., d/b/a HOLLAND HOUSE,<br><br>Defendant. | (Jointly Administered)<br><br>Adv. Proc. No.: 22-50175 (CSS) |

## ANSWER TO COMPLAINT

COMES NOW Hackney Home Furnishings, Inc. ("Defendant"), by and through its undersigned counsel, with this, its answer to the *Complaint* filed by Alfred T. Giuliano, Chapter 7 Trustee of Art Van Furniture, LLC, *et al.* (the "Complaint"), respectfully representing as follows:

## THE PARTIES

1.    Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2.    Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3.    Defendant admits the allegations contained in Paragraph 3 of the Complaint.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of. Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

**JURISDICTION AND VENUE**

4.     Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.     Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.     Defendant is without sufficient knowledge or information to admit or deny the material allegations in paragraph 6 of the Complaint and therefore denies them. By way of further response, pursuant to Local Rule of Bankruptcy Procedure 7008-1, Defendant states that it consents to the entry of final orders or judgements by this Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgements consistent with Article III of the United States Constitution.

7.     Defendant admits the allegations contained in Paragraph 7 of the Complaint.

**BASIS FOR RELIEF REQUESTED**

8.     Defendant admits that Plaintiff seeks to avoid and recover from Defendant alleged preferential transfers as alleged in Paragraph 8 of the Complaint.

**FACTS**

9.     Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10.     Defendant is without sufficient knowledge or information to admit or deny the material allegations in paragraph 10 of the Complaint and therefore denies them. By way of further response, Defendant states that the transactions identified on Exhibit A to the Complaint include credits the Debtors created in their system without Defendant's knowledge or authorization and Defendant has not had the opportunity to determine the validity of such credits.

11.     Defendant is without sufficient knowledge or information to admit or deny the material allegations in paragraph 11 of the Complaint and therefore denies them. By way of further response, Defendant states that the transactions identified on Exhibit A to the Complaint include

credits the Debtors created in their system without Defendant's knowledge or authorization and Defendant has not had the opportunity to determine the validity of such credits.

12.     The first sentence of Paragraph 12 of the Complaint sets forth statements or conclusions of law to which no response is required. To the extent any facts are alleged, Defendant denies them.   With respect to the second and third sentences of Paragraph 12 of the Complaint, Defendant admits that Plaintiff sent one or more letters to the Defendant, states that such letters speak for themselves and Defendant denies the allegations set forth therein to the extent inconsistent with such letters.   Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 12 of the Complaint and therefore denies same.

**FIRST CLAIM FOR RELIEF**
**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

13.     Defendant incorporates the responses set forth in the preceding paragraphs as if fully re-alleged herein.

14.     Defendant is without sufficient knowledge or information to admit or deny the material allegations in paragraph 14 of the Complaint and therefore denies them.  By way of further response, Defendant states that the transactions identified on Exhibit A to the Complaint include credits the Debtors created in their system without Defendant's knowledge or authorization and Defendant has not had the opportunity to determine the validity of such credits.

15.     Defendant is without sufficient knowledge or information to admit or deny the material allegations in paragraph 15 of the Complaint and therefore denies them.

16.     Defendant admits to the allegations set forth in Paragraph 16 of the Complaint.

17.     Defendant admits to the allegations set forth in Paragraph 17 of the Complaint.

18.     Defendant admits to the allegations set forth in Paragraph 18 of the Complaint.

19.     Defendant is without sufficient knowledge or information to admit or deny the material allegations in paragraph 19 of the Complaint and therefore denies them.

20.     Defendant is without sufficient knowledge or information to admit or deny the material allegations in paragraph 20 of the Complaint and therefore denies them.

21.     Defendant admits to the allegations set forth in Paragraph 21 of the Complaint.

22.     Denied. Defendant denies the material allegations in paragraph 22 of the Complaint to the extent the allegations are not mere conclusions of law.

**SECOND CLAIM FOR RELIEF**
**(For Recovery of Property – 11 U.S.C. § 550)**

23.     Defendant incorporates the responses set forth in the preceding paragraphs as if fully re-alleged herein.

24.     Denied. Defendant denies the material allegations in paragraph 24 of the Complaint to the extent the allegations are not mere conclusions of law.

25.     Denied. Defendant denies the material allegations in paragraph 25 of the Complaint to the extent the allegations are not mere conclusions of law.

**AFFIRMATIVE DEFENSES**

1.     Pursuant to 11 U.S.C. §547(c)(1)(b), Plaintiff may not avoid the transfers alleged herein because the transfers were made for contemporaneous exchanges for new value given to the Debtors, and, in fact, were substantially contemporaneous exchanges for new value.

2.     Pursuant to 11 U.S.C. §547(c)(2)(A), Plaintiff may not avoid the transfers alleged herein because the transfers were made in payment of a debt incurred by the Debtors in the ordinary course of business or financial affairs of the Debtors and Defendant.

3.     Pursuant to 11 U.S.C. §547(c)(2)(B), Plaintiff may not avoid the transfers alleged herein because the transfers were made in the ordinary course of business or financial affairs of the Debtors and Defendant.

4.     Pursuant to 11 U.S.C. §547(c)(2)(C), Plaintiff may not avoid the transfers alleged herein because the transfers were made according to ordinary business terms.

5.     Pursuant to 11 U.S.C. §547(c)(4), Plaintiff may not avoid the transfers alleged herein because the transfers were made to or for the benefit of Defendant resulting in new value to or for the benefit of the Debtors, which were not secured by an otherwise avoidable security interest and on account of which new value, the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

6.     The Debtors' receipt of goods and/or services from Defendant and the payments therefore were necessary for the preservation of the estate pursuant to 11 U.S.C. §502(B)(1)(A).

7.     Defendant reserves the right to raise additional affirmative defenses and/or withdraw any of the foregoing affirmative defenses as may become necessary during the investigation and discovery of this action.

## **RESERVATION OF RIGHTS**

Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during the discovery process in this action, and hereby reserves the right to amend its answer to assert any such defenses.  The assertion of the above defenses by Defendant is not intended and should not be deemed or construed to alter or shift any burden of proof Plaintiff may have in connection with the claims asserted in the Complaint.

**WHEREFORE**, Defendant requests a judgment dismissing the Complaint with prejudice and awarding Defendant's attorneys' fees, costs and expenses, and such other relief as this Court deems just and proper.

Dated: March 28, 2022
Wilmington, DE

**GELLERT SCALI BUSENKELL & BROWN, LLC**

*/s/ Michael G. Busenkell*
Michael Busenkell (DE 3933)
1201 N. Orange Street, Suite 300
Wilmington, Delaware 19801
(302) 425– 5812 Telephone
(302) 425-5814 – Facsimile
mbusenkell@gsbblaw.com

*Counsel to Defendant Hackney Home Furnishings, Inc.*